COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER ON MOTION

Appellate case name:         Amanda Broussard v. The Bank of New York Mellon

Appellate case number:       01-14-00214-CV

Trial court case number:     13-CCV-050828

Trial court:                 County Court at Law No. 2 of Fort Bend County

On March 26, 2014, we had issued an order staying the execution of the writ of possession and execution of the judgment "until the case in this Court is finally decided or the Court otherwise orders the stay lifted." *See* TEX. R. APP. P. 24.4(c). On September 5, 2014, this Court dismissed the emergency motion filed on September 4, 2014 by the appellant, Amanda Broussard, who was seeking an order prohibiting appellee's transferee, the W. Kelly Vandever Revocable Trust (the "Trust"), from seeking to execute its writ of possession until this Court's mandate issues on October 10, 2014. We dismissed the motion as moot because our August 7, 2014 memorandum opinion and judgment dismissing the appeal did not lift our stay issued on March 26, 2014. *See Broussard v. Bank of New York*, No. 01-14-00214-CV, 2014 WL 3887720, at *2 (Tex. App.—Houston [1st Dist.] Aug. 7, 2014, no pet. h.) (mem. op.).

On September 4, 2014, appellant filed a petition for writ of mandamus with an emergency motion for temporary relief with the Texas Supreme Court seeking the same relief under Texas Rule of Appellate Procedure 52.10. On September 5, 2014, the Texas Supreme Court denied the emergency motion and mandamus petition.

On September 5, 2014, the Trust filed this motion to vacate our March 26, 2014 stay order because the Texas Property Code prohibits a stay of a county court's eviction judgment pending appeal unless the supersedeas bond is filed within 10 days of the signing of the judgment. *See* TEX PROP. CODE ANN. § 24.007(a) (West 2012). Here, while appellant stated that she filed her bond on January 27, 2014, that was well more than 10 days after the signing of the July 30, 2013 judgment, which we held was the only appealable judgment. *See Broussard*, 2014 WL 3887720, at *2. Although appellee's motion does not include a certificate of conference, it contains a certificate of service

stating that it was served on appellant's counsel. *See* TEX. R. APP. P. 10.1(a)(5). Also, even though this motion has been on file with the Court for more than ten days, appellant has failed to file any opposition. *See* TEX. R. APP. P. 10.1(b), 10.3(a).

Accordingly, because appellant has already had her emergency motion and mandamus petition denied by the Texas Supreme Court and because she untimely filed her bond, we grant appellee's motion and vacate our stay imposed by our March 26, 2014 Order. *See* TEX. R. APP. P. 43.6.

It is so ORDERED.


Judge's signature: /s/ <u>Laura C. Higley</u>
                         ☒  Acting individually

Date:  September 23, 2014